718 F.2d 736
 Bankr. L. Rep. P 69,438
In the Matter of Commander Robert E. BACCHUS, Bankrupt.
Commander Robert E. BACCHUS, a/k/a Robert E. Bacchus, a/k/a
Bob Bacchus, Plaintiff-Appellee,
v.
Vince TAYLOR, Trustee, Defendant-Appellant.
 No. 83-1269
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 31, 1983.
 Don L. Baker, Austin, Tex., for defendant-appellant.
 Bill Buckner, Georgetown, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before CLARK, Chief Judge, RUBIN, and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case comes to us on appeal from the district court's reversal of a grant of summary judgment and remand to the bankruptcy court for hearing on a material contested issue. Finding that we lack jurisdiction, we dismiss the appeal.
 
 
 2
 Appellee Bacchus filed a voluntary petition for bankruptcy on September 24, 1979. Appellant Taylor, Trustee in Bankruptcy, filed his report of exempt property on November 27, 1979. Bacchus filed his objection on December 7, 1979, to the omission from that report of certain property he claims as homestead. Hearing was set for March 25, 1980. On March 24, 1980, Taylor filed a motion for summary judgment. On March 25, after hearing from counsel on both sides, the bankruptcy court concluded that no genuine issue of material fact was in dispute and accordingly granted the summary judgment.
 
 
 3
 On appeal, the district court reversed the grant of summary judgment. The court held that the subject property as a matter of law had been impressed with the character of homestead property, and could not be classified as non-homestead absent a finding that the debtor intended to abandon the property as his homestead. The court further found that a material issue of fact existed as to whether Bacchus had so abandoned the property, and remanded for a hearing on the issue. Taylor appealed.
 
 
 4
 The old Bankruptcy Act, under which this case was commenced, vests this court with appellate jurisdiction from bankruptcy courts in "proceedings in bankruptcy" and "controversies arising in proceedings in bankruptcy." Bankruptcy Act, Sec. 24(a), 11 U.S.C.A. Sec. 47(a) (West 1976) (repealed). Final or interlocutory orders in "proceedings," but only final orders in "controversies," are appealable to this court. Matter of Cross, 666 F.2d 873, 878 (5th Cir.1982); In re Durensky, 519 F.2d 1024, 1028 (5th Cir.1975).
 
 
 5
 For the district court's decision in this case to be an appealable interlocutory order, we must find that the homestead issue was a "proceeding in bankruptcy" and that the order possesses "definitive operative finality." Matter of Cross, 666 F.2d 873, 877-878. We need not consider the former element, for we find the latter to be lacking. The district court's order is not a definitive disposition of the merits of the homestead issue. Cf. In re Durensky, 519 F.2d 1024, 1028-29 (5th Cir.1975) (district court's order remanding to bankruptcy court for decision on merits after rejecting jurisdictional challenge held to lack finality). Accordingly, we are without jurisdiction to hear this appeal.
 
 
 6
 APPEAL DISMISSED.